**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDY GARZA,<br><br>        Petitioner,<br><br>        vs.<br><br>GREG LEWIS, Warden,<br><br>        Respondent. | Case No. CV 12-8553-RGK (JPR)<br><br>ORDER TO SHOW CAUSE |

On October 4, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. Petitioner indicates that he pleaded guilty to second-degree murder in June 1981 and was sentenced a month later. (Pet. at 2.) He had some kind of subsequent sentencing proceeding in September 1981. (Id. at 7.) Petitioner apparently did not challenge his conviction or sentence on direct appeal. (Id. at 2.) Beginning on September 3, 2011, Petitioner filed a habeas petition in each level of state court, claiming that his plea agreement was breached by his 15-years-to-life sentence because he had been promised he would be sentenced as a youth offender and stay incarcerated only until his 25th birthday. (Id. at 3-5.) Moreover, he claimed, his

counsel was ineffective for failing to move to withdraw Petitioner's plea based on the breached plea agreement. (<u>Id.</u>) Both the Los Angeles County Superior Court and the California Supreme Court denied Petitioner's state habeas petitions as untimely (Pet. Ex. A), whereas the California Court of Appeal appears to have also reached the merits and found that no "fundamental miscarriage of justice" occurred (<u>id.</u>).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition. <u>See</u> 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

        review; or

           (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Although Petitioner's one-year limitation period would normally have begun to run after his conviction became final and would have presumably expired sometime in 1982, AEDPA extended the limitation period for those whose convictions became final before its enactment, on April 24, 1996, to one year after that date, or April 24, 1997. United States v. Gamboa, 608 F.3d 492, 493 n.1 (9th Cir.), cert. denied, 131 S. Ct. 809 (2010). Petitioner did not file his federal Petition until October 4, 2012, 31 years after his conviction became final.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  Petitioner is not contending that he was impeded from filing his federal Petition by unconstitutional state action.  Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C).  Petitioner is not contending that any of his claims are based on a federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final

and that has been made retroactively applicable to cases on collateral review.  Finally, Petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D).  Indeed, Petitioner acknowledges that he knew the factual basis for his claims at the time of his sentencing. (Pet., Garza Decl. ¶ 4.)  Even if the Court accepts Petitioner's claim that based on his counsel's assurances he believed that he would be released from prison on his 25th birthday (<u>id.</u>), his claim still comes 26 years after he learned the factual basis for it (<u>see</u> <u>id.</u> ¶ 3 (noting that he was 20 years old at sentencing)), which would have occurred at the latest when he was not released from prison when he turned 25.

Thus, the Petition is time barred unless Petitioner can show entitlement to statutory or equitable tolling.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001).  He has failed to do so.  No basis for statutory tolling under § 2244(d)(2) exists here, as Petitioner apparently did not file a state habeas petition until September 3, 2011, 14 years after the AEDPA deadline had expired.  <u>See</u> <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely under state law).  In any event, the California Supreme Court dismissed Petitioner's habeas petition as untimely by citing <u>In re Robbins</u>, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 159 (1998), and therefore he is not entitled to statutory tolling for that reason as well.  <u>See</u> <u>Thorson v. Palmer</u>, 479 F.3d 643, 644-45 (9th Cir. 2007) (holding that citation to <u>Robbins</u> indicates

4

untimeliness and noting that statutory tolling not available for petitions rejected by state court as untimely).

Under certain circumstances, a habeas petitioner may be entitled to equitable tolling. See Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). Petitioner has attached to the Petition the declaration of his jailhouse lawyer, who states that Petitioner "does not comprehend the law, so there's no way he could have brought this sooner." (Pet., Treglia Decl.) But ignorance of the law does not justify equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication insufficient for equitable tolling). And it is hard to imagine a circumstance that could entitle him to such tolling for 15 years. See Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (noting that equitable tolling of 20 years "would be difficult to justify").

A district court has the authority to raise the statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that within 28 days of this Order,

Petitioner show cause in writing, if he has any, why the Court should not dismiss this action with prejudice because it is untimely. If Petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing that he has been pursuing his rights diligently and "some extraordinary circumstance stood in his way."

DATED: October 11, 2012

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE