1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   RUDY GARZA,                    ) Case No. CV 12-8553-RGK (JPR)
                                    )
12                  Petitioner,     )
                                    ) ORDER TO SHOW CAUSE
13            vs.                   )
                                    )
14   GREG LEWIS, Warden,            )
                                    )
15                  Respondent.     )
                                    )
16   _____

17        On October 4, 2012, Petitioner filed a Petition for Writ of

18   Habeas Corpus by a Person in State Custody.  Petitioner indicates

19   that he pleaded guilty to second-degree murder in June 1981 and

20   was sentenced a month later.  (Pet. at 2.)  He had some kind of

21   subsequent sentencing proceeding in September 1981.  (Id. at 7.)

22   Petitioner apparently did not challenge his conviction or

23   sentence on direct appeal.  (Id. at 2.)  Beginning on September

24   3, 2011, Petitioner filed a habeas petition in each level of

25   state court, claiming that his plea agreement was breached by his

26   15-years-to-life sentence because he had been promised he would

27   be sentenced as a youth offender and stay incarcerated only until

28   his 25th birthday.  (Id. at 3-5.)  Moreover, he claimed, his

                                     1

counsel was ineffective for failing to move to withdraw Petitioner's plea based on the breached plea agreement. (Id.) Both the Los Angeles County Superior Court and the California Supreme Court denied Petitioner's state habeas petitions as untimely (Pet. Ex. A), whereas the California Court of Appeal appears to have also reached the merits and found that no "fundamental miscarriage of justice" occurred (id.).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition. See 28 U.S.C. § 2244(d). That statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

1        review; or

2              (D)  the date on which the factual predicate

3        of the claim or claims presented could have been

4        discovered through the exercise of due diligence.

5        (2)  The  time  during  which  a  properly  filed

6     application for State post-conviction or other collateral

7     review with respect to the pertinent judgment or claim is

8     pending  shall  not  be  counted  toward  any  period  of

9     limitation under this subsection.

10       Although Petitioner's one-year limitation period would

11    normally have begun to run after his conviction became final and

12    would have presumably expired sometime in 1982, AEDPA extended

13    the limitation period for those whose convictions became final

14    before its enactment, on April 24, 1996, to one year after that

15    date, or April 24, 1997.  United States v. Gamboa, 608 F.3d 492,

16    493 n.1 (9th Cir.), cert. denied, 131 S. Ct. 809 (2010).

17    Petitioner did not file his federal Petition until October 4,

18    2012, 31 years after his conviction became final.

19       From the face of the Petition, it does not appear that

20    Petitioner has any basis for contending that he is entitled to a

21    later trigger date under § 2244(d)(1)(B).  Petitioner is not

22    contending that he was impeded from filing his federal Petition

23    by unconstitutional state action.  Nor does it appear that

24    Petitioner has any basis for contending that he is entitled to a

25    later trigger date under § 2244(d)(1)(C).  Petitioner is not

26    contending that any of his claims are based on a federal

27    constitutional right that was initially recognized by the U.S.

28    Supreme Court subsequent to the date his conviction became final

1   and that has been made retroactively applicable to cases on

2   collateral review.  Finally, Petitioner has no basis for

3   contending that he is entitled to a later trigger date under

4   § 2244(d)(1)(D).  Indeed, Petitioner acknowledges that he knew

5   the factual basis for his claims at the time of his sentencing.

6   (Pet., Garza Decl. ¶ 4.)  Even if the Court accepts Petitioner's

7   claim that based on his counsel's assurances he believed that he

8   would be released from prison on his 25th birthday (id.), his

9   claim still comes 26 years after he learned the factual basis for

10   it (see id. ¶ 3 (noting that he was 20 years old at sentencing)),

11   which would have occurred at the latest when he was not released

12   from prison when he turned 25.

13       Thus, the Petition is time barred unless Petitioner can show

14   entitlement to statutory or equitable tolling.  See Patterson v.

15   Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  He has failed to

16   do so.  No basis for statutory tolling under § 2244(d)(2) exists

17   here, as Petitioner apparently did not file a state habeas

18   petition until September 3, 2011, 14 years after the AEDPA

19   deadline had expired.  See Ferguson v. Palmateer, 321 F.3d 820,

20   823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the

21   reinitiation of the limitations period that has ended before the

22   state petition was filed," even if state petition was timely

23   under state law).  In any event, the California Supreme Court

24   dismissed Petitioner's habeas petition as untimely by citing In

25   re Robbins, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 159

26   (1998), and therefore he is not entitled to statutory tolling for

27   that reason as well.  See Thorson v. Palmer, 479 F.3d 643, 644-45

28   (9th Cir. 2007) (holding that citation to Robbins indicates

4

1  untimeliness and noting that statutory tolling not available for

2  petitions rejected by state court as untimely).

3      Under certain circumstances, a habeas petitioner may be

4  entitled to equitable tolling.  See Holland v. Florida, 560 U.S.

5  ___, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  A habeas

6  petitioner is entitled to equitable tolling only if he shows that

7  (1) he has been pursuing his rights diligently and (2) "some

8  extraordinary circumstance stood in his way."  See Pace v.

9  DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed.

10 2d 669 (2005).  Petitioner has attached to the Petition the

11 declaration of his jailhouse lawyer, who states that Petitioner

12 "does not comprehend the law, so there's no way he could have

13 brought this sooner."  (Pet., Treglia Decl.)  But ignorance of

14 the law does not justify equitable tolling.  Rasberry v. Garcia,

15 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se petitioner's lack of

16 legal sophistication insufficient for equitable tolling).  And it

17 is hard to imagine a circumstance that could entitle him to such

18 tolling for 15 years.  See Doe v. Busby, 661 F.3d 1001, 1015 (9th

19 Cir. 2011) (noting that equitable tolling of 20 years "would be

20 difficult to justify").

21      A district court has the authority to raise the statute-of-

22 limitations issue sua sponte when untimeliness is obvious on the

23 face of a petition; it may summarily dismiss the petition on that

24 ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in

25 the U.S. District Courts, as long as the court gives the

26 petitioner adequate notice and an opportunity to respond.  Herbst

27 v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

28      IT THEREFORE IS ORDERED that within 28 days of this Order,

1  Petitioner show cause in writing, if he has any, why the Court

2  should not dismiss this action with prejudice because it is

3  untimely.  If Petitioner intends to rely on the equitable tolling

4  doctrine, he will need to include with his response to the Order

5  to Show Cause a declaration under penalty of perjury stating

6  facts showing that he has been pursuing his rights diligently and

7  "some extraordinary circumstance stood in his way."

8

9

10 DATED: October 11, 2012

   JEAN ROSENBLUTH
11 U.S. MAGISTRATE JUDGE