I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-8-12

DEPUTY CLERK



O

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV - 8 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY GARZA,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>GREG LEWIS, Warden,<br><br>　　　　Respondent. | Case No. CV 12-8553-RGK-JPR<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION AND DISMISSING ACTION WITH PREJUDICE |

### BACKGROUND

On October 4, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody. At the same time, he submitted an "Election Regarding Consent to Proceed Before a United States Magistrate Judge" form, indicating that he voluntarily consented to "have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment."

In his Petition, Petitioner indicated that he pleaded guilty to second-degree murder in June 1981 and was sentenced a month later. (Pet. at 2.) He had some kind of subsequent sentencing

proceeding in September 1981. (Id. at 7.) Petitioner apparently did not challenge his conviction or sentence on direct appeal. (Id. at 2.) Beginning on September 3, 2011, Petitioner filed a habeas petition in each level of state court, claiming that his plea agreement was breached by his 15-years-to-life sentence because he had been promised he would be sentenced as a youth offender and stay incarcerated only until his 25th birthday. (Id. at 3-5.) Moreover, he claimed, his counsel was ineffective for failing to move to withdraw Petitioner's plea based on the breached plea agreement.[1] (Id.) Both the Los Angeles County Superior Court and the California Supreme Court denied Petitioner's state habeas petitions as untimely (Pet. Ex. A), whereas the California Court of Appeal appears to have also reached the merits and found that no "fundamental miscarriage of justice" occurred (id.).

Because from the face of the Petition it appeared untimely, the Court issued an Order to Show Cause on October 11, 2012, requiring Petitioner to explain in writing why the Court should not dismiss his Petition with prejudice. On November 2, 2012, Petitioner filed his Reply to Court's Order.

## DISCUSSION

### I. The Court's Jurisdiction

As an initial matter, the undersigned Magistrate Judge has jurisdiction to deny Petitioner's Petition and dismiss this

---

[1] In his response to the Court's Order to Show Cause, Petitioner indicates that his counsel did file a motion to withdraw his plea but that it was unsuccessful. (See Reply at 1-2 & Ex. A (Aug. 21, 1981 minute order denying motion to withdraw plea).) It is unclear on what basis counsel filed the motion.

action with prejudice. "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge; Respondent has not yet been served with the Petition and therefore is not yet a party to this action. <u>See, e.g.</u>, <u>Travelers Cas. & Sur. Co. of Am. v. Brenneke</u>, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to § 636(c)(1). <u>See</u> <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state a claim because prisoner consented and was only party to the action); <u>United States v. Real Prop.</u>, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in an in rem forfeiture action even though property owner had not consented because § 636(c)(1) requires consent only of "parties" and property owner, having failed to comply with applicable filing requirements, was not "party"); <u>Carter v. Valenzuela</u>, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after <u>Wilhelm</u>, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

    Moreover, a district court has the authority to raise the

statute-of-limitations issue sua sponte when untimeliness is obvious on the face of a petition; it may summarily dismiss the petition on that ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001). Here, the Court gave Petitioner notice that his Petition appeared to be untimely and an opportunity to respond, which he has done.

Accordingly, this Court has the authority to deny Petitioner's Petition and dismiss this action with prejudice.

## II. **The Petition Is Not Timely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner does not dispute that his conviction became final more than 30 years ago. Nor does he argue with the Court's recitation of the law in the OSC to the effect that he had until April 1997 to file a federal habeas petition. See United States v. Gamboa, 608 F.3d 492, 493 n.1 (9th Cir.) (noting that petitioners whose convictions became final before AEDPA was enacted had one year from its enactment in April 1996 in which to file petition), cert. denied, 131 S. Ct. 809 (2010). Petitioner did not file his federal Petition until October 4, 2012, more than 15 years after his deadline had passed.

Thus, the Petition is time barred unless Petitioner can show entitlement to statutory or equitable tolling.[2] See Patterson v.

---

[2] At one point in his Reply to the OSC, Petitioner appears to contend that he is entitled to a later trigger date under § 2244(d)(1)(C) because he relies on the U.S. Supreme Court's decision in Lafler v. Cooper, 566 U.S. __, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), which he contends has been made retroactively applicable to cases on collateral review by Miles v. Martel, 696 F.3d 889, __, 2012 WL 4490756, at *13 n.3 (9th Cir. 2012). (Reply

Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). He has failed to do so. No basis for statutory tolling under § 2244(d)(2) exists here, as Petitioner apparently did not file a state habeas petition until September 3, 2011, more than 14 years after the AEDPA deadline had expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if state petition was timely under state law). In any event, the California Supreme Court dismissed Petitioner's habeas petition as untimely by citing In re Robbins, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 159 (1998), and therefore he is not entitled to statutory tolling for that reason as well. See Thorson v. Palmer, 479 F.3d 643, 644-45 (9th Cir. 2007) (holding that citation to Robbins indicates untimeliness and noting that statutory tolling not available for

---

at 4.) This argument fails for several reasons. First, Petitioner does not contend in the Petition that he rejected a plea offer based on counsel's bad advice; thus, Lafler does not apply. Further, as three circuits have expressly found, Lafler did not announce a new rule of constitutional law and therefore cannot be said to apply "retroactively" or render timely an untimely federal habeas petition. See In re King, __ F.3d __, 2012 WL 4498500, at *1 (5th Cir. Aug. 14, 2012) (considering application to file successive petition); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012) (same); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012) (same); see also Sakellaridis v. Warden, No. EDCV 12-00464 ODW (AN), 2012 WL 2374562, at *4 (C.D. Cal. June 22, 2012) (holding that Lafler not retroactively applicable new rule under § 2244(d)(1)(C)); Turner v. Superintendant, No. 4:12-CV-51-TLS, 2012 WL 4794449, at *4 (N.D. Ind. Oct. 9, 2012) (same). Finally, to the extent Miles can be interpreted to have held otherwise, it is factually distinguishable because in that case the state courts did not make any determination of the timeliness of the state petitions, a fact the Ninth Circuit expressly relied upon, 2012 WL 4490756, at *4, whereas here the state supreme court found Petitioner's claim untimely (see Pet. Ex. A).

petitions rejected by state court as untimely).

As the Court explained to Petitioner in its OSC, under certain circumstances, a habeas petitioner may be entitled to equitable tolling, see Holland v. Florida, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010), but only if he shows that (1) he has been pursuing his rights diligently and (2) "some extraordinary circumstance stood in his way," see Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).

Petitioner asserts that he is entitled to equitable tolling of 15 years because he was diligently trying to obtain his trial transcripts during that period and couldn't file his federal Petition without reference to them. (Reply at 2-3.) Even assuming that the latter proposition were true, but see Hall v. Warden, 662 F.3d 745, 752 (6th Cir. 2011) (holding that petitioner's lack of access to trial transcripts coupled with pro se status and limited access to law library insufficient to warrant equitable tolling), cert. denied, 81 U.S.L.W. 3164 (U.S. Oct. 1, 2012) (No. 11-10643), his claim would still fail because his efforts to obtain his transcripts appear to have ended in March 1997, when the Los Angeles Police Department denied his request, and not to have picked up again until August 2009, when he wrote the superior court seeking a copy of them. (Reply at 2 & Exs. B, C.) (He states that his brother finally obtained a copy of the transcripts in August 2010. (Reply, Garza Decl. at 2.)) Thus, while Petitioner does appear to at least arguably have diligently sought the transcripts during the early and mid-1990s, he has offered no explanation for the 12-and-a-half-year

gap during which he apparently did not pursue them. Accordingly, Petitioner cannot show that he diligently pursued his rights during the necessary 15-year period.

Petitioner asserts that he recently has suffered loss of his mental faculties as a result of his liver disease (Reply at 2 ("In 2010 . . . Petitioner's End Stage Liver Disease had progressed to the point where Petitioner's mental functions cannot comprehend to[o] good."), Garza Decl. at 2 (stating that since 2010 his "brain function just isn't the same anymore")), but again, recent mental troubles cannot explain why he didn't seek federal habeas relief at any time from 1981, when his conviction became final, to late 2012. See Stancle v. Clay, 692 F.3d 948, 959 (9th Cir. 2012) (holding that for equitable tolling to apply, mental illness must be cause of inability to file); cf. Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (noting that equitable tolling of 20 years "would be difficult to justify").

For all these reasons, Petitioner is not entitled to any sort of tolling sufficient to render the Petition timely.

### ORDER

IT THEREFORE IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: November 8, 2012

*[signature]*
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE